IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZEVON TARUSES McCARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-0387-WS-B |
| | ) |
| UNITED STATES OF AMERICA, | ) CIVIL ACTION 11-0021-WS-B |
| | ) |
| Respondent. | ) |

**ORDER**

This closed § 2255 matter comes before the Court on petitioner's Motion for Certificate of Appealability and for Leave to Proceed *In Forma Pauperis* (doc. 104).

On August 29, 2011, the undersigned entered an Order (doc. 101) and Judgment (doc. 102) denying petitioner Zevon Teruses McCarter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The August 29 Order included an express determination that McCarter "is not entitled to a certificate of appealability nor to appeal *in forma pauperis*." (Doc. 101, at 1.)[1]

McCarter now seeks to appeal the denial of his § 2255 Motion, as is his right. But he did not initiate his appeal by filing a notice of appeal with the District Court, as required by Rule 3(a)(1) of the Federal Rules of Appellate Procedure. Instead, McCarter mailed a 93-page packet of documents directly to the Eleventh Circuit Court of Appeals. The appeals court received those materials on September 14, 2011, but could not process them because there was no

---

[1] That determination was grounded in a Report and Recommendation (doc. 96), wherein the Magistrate Judge opined that no COA should issue because "McCarter's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control which prevented him from filing this action in a timely manner. … He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. … Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further." (Doc. 96, at 15-16.)

pending appeal in this case. Accordingly, the appellate Clerk of Court transmitted McCarter's entire September 14 filing back to the District Court Clerk of Court with instructions to "[p]lease file this notice of appeal and transmit a notice of appeal packet to this court." (Doc. 104, at 1.) The Clerk's Office has since done just that, so McCarter now has a pending, open appeal at the Eleventh Circuit.

Included in McCarter's 93-page submission to the Eleventh Circuit on September 14 was a 19-page document styled "Motion for Certificate of Appealability and for Leave to Proceed *In Forma Pauperis*" (doc. 104, at 2-20.) In that document, McCarter asked the appellate court to grant him a COA and *in forma pauperis* status on appeal, which the undersigned had previously denied. It is entirely proper procedure for a § 2255 petitioner to request the appeals court to grant a COA and IFP status after denial of same by the district court. *See* Rule 24(a)(5), Fed.R.App.P. (stating that party may file motion to proceed *in forma pauperis* in the court of appeals within 30 days after service of notice of the district court's determination that the party is not entitled to proceed *in forma pauperis*); Rule 22(b)(1), Fed.R.App.P. ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it."). The problem here is that McCarter had not previously filed a notice of appeal, so the Eleventh Circuit had no pending, active appeal corresponding to McCarter's Motion. As a result, the Motion was returned by the appeals court to this District Court along with the rest of petitioner's 93-page submission. So McCarter's Motion for the appeals court to grant him a COA and *in forma pauperis* status is now pending before the undersigned.

Because of this unusual procedural posture, McCarter's "Motion for Certificate of Appealability and for Leave to Proceed *In Forma Pauperis*" (doc. 104, at 2-20) is in a state of limbo. It does not appear that he is asking this Court to reconsider its rulings on the COA and IFP issues; indeed, he does not invoke Rules 59(e) or 60, and the last sentence of the Motion reads as follows: "Wherefore, it is prayed the Court of Appeals Grant Movant's motions." Yet the Motion is now pending in this Court because petitioner's procedural error (in not filing a notice of appeal in this District Court before mailing his COA/IFP motion to the Eleventh Circuit) necessitated the Eleventh Circuit's transmission of his entire 93-page filing back to this District Court. Accordingly, it appears that the Eleventh Circuit is looking to this Court to rule on the Motion, even though McCarter gives no indication that he ever wished for this Court to re-examine its own rulings on the COA and IFP issues.

In light of these circumstances, the most efficient way to proceed is for the undersigned simply to adjudicate the pending Motion. The Court has previously denied McCarter a certificate of appealability and *in forma pauperis* status on appeal for reasons stated in the August 29 Order and the underlying Report and Recommendation. Petitioner's Motion appears predicated on arguments that this Court has already considered and rejected. Accordingly, the Motion for Certificate of Appealability and for Leave to Proceed *In Forma Pauperis* (doc. 104) is **denied**. To the extent that McCarter wishes to for the appellate court to address the COA or IFP issues, he should file an appropriate motion with the Eleventh Circuit, which he can now do because (unlike when he originally mailed this Motion to the Eleventh Circuit) he now has an open, pending appeal at that appellate court.

DONE and ORDERED this 26th day of September, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE