IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-0387-WS-B |
| | ) |
| ZEVON McCARTER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This matter comes before the Court on defendant's Motion for Reimbursement and Motion Requesting Financial Department to Apply Needed Funds for Copies (doc. 111).

The undersigned has determined a number of facts concerning McCarter's financial status vis a vis his various matters in this District Court. As to this criminal proceeding, defendant is correct that the Clerk's Office is holding an overpayment of $25.00 of the $200 special assessment. Defendant's request for reimbursement of that amount is **granted**. The Clerk of Court is hereby **directed** to return those funds to the Bureau of Prisons, to be credited to the inmate account of Zevon McCarter, #07079-017 at U.S.P. Tucson in Tucson, Arizona.

That said, however, McCarter remains obligated to pay substantial outstanding charges on his two civil § 1983 actions filed in this District Court. In the civil action styled *Zevon McCarter v. Christopher Knight et al.*, Civil Action 11-0096-KD-N, McCarter owes the sum of **$205.41** towards the total $350 civil filing fee.[1] In the civil action styled *Zevon McCarter v. Justin Farmer, et al.*, Civil Action 11-0143-CB-C, McCarter owes the sum of **$281.41** towards the total $350 civil filing fee. Orders have previously been entered in both of those actions to assure that proper arrangements are made for McCarter to satisfy these filing fee obligations, and McCarter can expect the Bureau of Prisons to continue to debit his inmate account to remit partial filing fees to the Clerk of Court in both of those matters until the filing fees are paid in

---

[1] That McCarter ultimately elected to take a voluntary dismissal of this civil action six months after he initiated it in no way affects his obligation to pay the entire filing fee. Under the Prison Litigation Reform Act, the entire filing fee must be paid regardless of the manner and stage at which the action is dismissed. McCarter acknowledged as much in signing his IFP petition in Civil Action 11-0096. (*See* doc. 6, at 5.)

full. Contrary to defendant's Motion, these obligations are not the result of "misinformation or trickery" by the Clerk's Office or the Bureau of Prisons. Defendant chose to file a pair of § 1983 civil lawsuits in this District Court. It is his right to do so; however, federal law provides that he is responsible for paying the full $350 filing fee in each of those lawsuits. McCarter knew this when he filed those lawsuits, inasmuch as he signed IFP petitions that clearly displayed this information. The net result of the above is that any funds that McCarter or his family transmits to the Clerk's Office for which they do not specify an alternate purpose may be applied directly to the above-described indebtedness.

In his Motion, McCarter also references a $10.00 money order sent by his family; however, the Clerk's Office is not holding such a money order and has no record of applying it to any indebtedness of McCarter in this District Court.[2] As for a $76 payment that his family made, those funds were correctly applied to the outstanding balance owed by McCarter in Civil Action 11-0096. Petitioner's request for return of those monies (the $76.00 applied to Civil Action 11-0096 and the $10 money order that the Clerk's Office is not holding) is **denied**.

Finally, insofar as McCarter still seeks photocopies of docket number 80 (motion for extension of time, plus accompanying exhibit); docket number 77 (§ 2255 motion plus accompanying exhibits); and docket number 86 (reply brief plus exhibits), the Court understands that those filings total 64 pages. As defendant has previously been informed, at the Clerk's Office's regular fee of $0.50 per page, the total fee for copying and mailing these documents to McCarter is $32.00. Should defendant desire such materials, he must remit a money order for that exact amount to the Clerk of Court, along with a letter specifically identifying this criminal case number and the docket entries (*i.e.*, numbers 77, 80 and 86) that he is requesting.

For all of the foregoing reasons, the Motion for Reimbursement and Motion Requesting Financial Department to Apply Funds (doc. 111) is **granted in part**, and **denied in part**.

DONE and ORDERED this 29th day of November, 2011.

           s/ WILLIAM H. STEELE
           CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court file in Civil Action 11-0096 reflects that on May 9, 2011, the Clerk's Office wrote a letter to McCarter "returning the enclosed money order of $10.00 (MO # 0181464574), because there is no fee to apply the funds." (Doc. 14-1, 11-0096.) Presumably that is the $10 money order to which McCarter is referring.