IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-0387-WS-B |
| ) | |
| ZEVON McCARTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's latest filings, consisting of a Motion to Vacate Judgment (doc. 119) and a filing styled "Reconsideration of Reimbursement" (doc. 120).

The Motion to Vacate Judgment asserts that McCarter is entitled to relief because his Fourth Amendment rights were violated in the underlying arrest. Essentially, he is attempting to relitigate the motion to suppress which this Court considered and denied at an evidentiary hearing held on February 18, 2009. The Motion to Vacate Judgment is **denied** for at least the following reasons: (i) this matter is presently on appeal to the Eleventh Circuit on the denial of his § 2255 petition;[1] (ii) this Rule 60(b)(4) motion is tantamount to an improper second and successive § 2255 petition filed without leave of the Court of Appeals;[2] (iii) by unconditionally pleading guilty, McCarter waived the right to challenge the constitutionality of the underlying

---

[1] "In the usual case, … the filing of a notice of appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal." *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995).

[2] "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (citation omitted). McCarter's Rule 60(b) motion presents a Fourth Amendment claim that is not set forth in his original § 2255 petition, and therefore is successive.

seizure;[3] and (iv) McCarter's insistence that the arresting officers were outside their jurisdiction is incorrect as a matter of law.[4]

As for the filing styled "Reconsideration of Reimbursement," McCarter asks that $76.00 in partial filing fees in one of his civil cases be reimbursed to him because it was only paid by his family because of "the blunder of the Court and the misinformation by a Clerk staff member." (Doc. 120, at 2.) Contrary to defendant's continued accusations, there is no evidence of a "blunder" or "misinformation" or "trickery" by any Clerk's Office staff to petitioner or his family at any time. Petitioner owed a $350 filing fee in Civil Action 11-0096, and the $76.00 payment was properly applied to that outstanding balance. Any misunderstanding that may have arisen between petitioner and the Bureau of Prisons is of no consequence to those fundamental facts. The request for reconsideration is **denied**.

DONE and ORDERED this 28th day of December, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g., United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."); *United States v. Mina*, 2007 WL 3379828, *1 (11th Cir. Nov. 15, 2007) ("The defendants waived the argument that the Rio Mar I was not a vessel subject to the jurisdiction of the United States when they pleaded guilty unconditionally."); *United States v. Byrd*, 2006 WL 306377, *1 (11th Cir. Feb. 10, 2006) ("A district court's refusal to suppress evidence is nonjurisdictional and is waived by a guilty plea.").

[4] McCarter's premise is, evidently, that the Mobile Police Department officers arrested him in Eight Mile, Alabama, which is a different municipality. As the Court found at the suppression hearing, those Mobile police officers were plainly acting within the jurisdiction and authority conferred upon them by Alabama law; therefore, McCarter's argument that his constitutional rights were violated because he was arrested by officers outside their jurisdiction proceeds from a baseless premise. *See* Ala. Code § 15-10-1 ("An arrest may be made, under a warrant or without a warrant … by any … policeman of any incorporated city or town within the limits of the county."); *Edwards v. City of Fairhope*, 945 So.2d 479, 484 (Ala.Crim.App. 2006) (Fairhope police officer had the authority to arrest defendant in Daphne "because a police officer has the authority to make an arrest in another city in the same county"); *Jenkins v. State*, 339 So.2d 133, 136 (Ala.Crim.App. 1976) ("Over a century ago, the Supreme Court of Alabama held that an arrest may be made by any policeman anywhere within the limits of his county.").